UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAVID SOFIANOS, Plaintiff, v. TAYLOR NICHOLS, Officer, et al., Defendants. | CASE NO. 3:26-cv-05042-TL<br><br>ORDER OF DISMISSAL WITH LEAVE TO AMEND |

This Matter is before the Court on its own motion pursuant to its statutory responsibility to screen complaints filed *in forma pauperis* ("IFP"). 28 U.S.C. § 1915(e)(2)(B); *see* also Dkt. No. 5 (Order Granting Leave to Proceed *In Forma* Pauperis) at 1 (informing Plaintiff that the Court would review the Complaint under §1915(e)(2)(b). Having considered the Complaint (Dkt. No. 6) and the relevant record, the Court DISMISSES the Complaint without leave to refile and DENIES Plaintiff's Motion to Appoint Counsel (Dkt. No. 7) without prejudice.

//

//

## I. BACKGROUND

### A. Procedural History

On January 15, 2026, Plaintiff, proceeding pro se, filed an application to proceed IFP in this action. Dkt. No. 1. On February 17, 2026, the Honorable Davd Christel, United States Magistrate Judge, granted Plaintiff's application for IFP status. Dkt. No. 3. Plaintiff's Complaint was subsequently filed on the docket. Dkt. No. 6. Plaintiff has not requested summonses, and no summonses have been issued in this case.

On February 19, 2026, Plaintiff filed a Motion for Appointment of Counsel. Dkt. No. 7.

### B. Factual Allegations

Plaintiff asserts claims against the following Defendants: Taylor Nichols, an officer of the Napavine Police Department; the City of Napavine; Lewis County; and Does 1–10. Dkt. No. 6 ¶¶ 6–9. All his claims are for violations of the U.S. Constitution and are brought pursuant to 42 U.S.C. § 1983.

Plaintiff's claims all arise out of an incident on that occurred on or about March 8, 2025. *Id.* ¶ 10. On that date, while Plaintiff was present with a vehicle at a gas station in Napavine, Defendant Nichols approached Plaintiff and initiated questioning. *Id.* As Plaintiff recounts, "Defendant Nichols immediately questioned Plaintiff about why he was driving." *Id.* ¶ 13. "Plaintiff acknowledged that his driver's license was suspended" and "attempted to explain contextual and safety-related circumstances surrounding his driving and prior communications with law enforcement," but he "was interrupted and was not permitted to complete that explanation." *Id.* ¶¶ 14–16. The conversation eventually turned to Plaintiff's past conduct of selling narcotics, which Plaintiff acknowledged. *Id.* ¶ 17. As a result of this interaction, Plaintiff was arrested and criminally charged with possession with intent to deliver. *Id.* ¶ 24.

Plaintiff alleges that his arrest, or at least the "intent to deliver" component of his criminal charge, lacks probable cause. *Id.* ¶¶ 21–24. Plaintiff explains that the prosecutor's charging decision was based only on Defendant Nichols's police report from the incident and on a "mischaracterized statement attributed to Plaintiff" therein. *Id.* ¶¶ 23, 25. Specifically, Plaintiff alleges that his statements about selling narcotics "describe[ed] past conduct, with temporal limitations and qualifying language that are absent from the police report," which "presented Plaintiff's statements as an unqualified admission of current drug distribution." *Id.*¶¶ 18–19. Absent this decontextualized statement, "[t]here was no independent objective evidence supporting intent to deliver," and "[a]t no time did officers recover scales, pay/owe sheets, packaging indicative of sales, large sums of cash, or communications evidencing drug distribution." *Id.* ¶¶ 22–22. The Complaint does not indicate whether drugs were found in Plaintiff's possession.

Plaintiff alleges that Defendant Nichols' characterization of Plaintiff's statements in the police report constitutes a "knowing[] or reckless[] misrepresent[ion]" and therefore a fabrication of evidence in violation of his right to due process. *See id.* ¶¶ 37–39. He also alleges that both the police report and the prosecutor's declaration of probable cause "included statements that Plaintiff claimed to be working with a Cowlitz County detective," which put him at risk. *Id.* ¶¶ 28, 32.

While Plaintiff alleges that Defendants' actions caused him to be prosecuted, *Id.* ¶¶ 34, 36, it is not clear from the Complaint what the status of that prosecution is—that is, whether charges were dropped, remain pending, or resulted in a conviction or acquittal.

Plaintiff asserts claims for "Unlawful Seizure / Malicious Prosecution" (Count I), "Fabrication of Evidence / Due Process Violation" (Count II), and "Failure to Protect / Reckless Disclosure" (Count III). *Id.* at 5–6. Plaintiff alleges that Defendants Napavine and Lewis County

are liable for these alleged violations because the "violations were caused by policies, customs, or practices of the municipal Defendants, including failure to train and supervise officers and reliance on unverified police narratives," and because Defendants Napavine and Lewis County "ratified the unconstitutional conduct by relying on the fabricated and misleading reports." *Id.* ¶¶ 43–44.

## II. Legal Standard

The Court's authority to grant IFP status derives from 28 U.S.C. § 1915. Per the statute, the Court must dismiss a case if the IFP plaintiff fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(ii)–(iii); *see also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) applies to all in forma pauperis complaints[.]"). "The legal standard for dismissing a complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as when ruling on dismissal under Federal Rule of Civil Procedure 12(b)(6)." *Day v. Florida*, 2014 WL 1412302, at *4 (W.D. Wash. Apr. 10, 2014) (citing *Lopez*, 203 F.3d at 1129). Rule 12(b)(6) requires courts to assume the truth of factual allegations and to credit all reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007).

A well-pleaded complaint must provide sufficient factual details to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To state a plausible claim for relief in federal court, a Plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 672 (2009). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient. *Id.*

Where a plaintiff proceeds pro se (without an attorney), courts must construe the complaint liberally. *Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1011 (9th Cir. 2011) (citing *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)). However, a court "should 'not supply essential elements of the [pro se] claim that were not initially pled.'" *Henderson v. Anderson*, 2019 WL 3996859, at *1 (W.D. Wash. Aug. 23, 2019) (quoting *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997)); *see also Khalid v. Microsoft Corp.*, 409 F. Supp. 3d 1023, 1031 (W.D. Wash. 2019) ("[C]ourts should not have to serve as advocates for pro se litigants." (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987))).

## III. Discussion

### A. The Compliant Fails to Plead Facts Supporting the Elements of Cognizable Claims

In order to state a claim for relief (and survive mandatory screening under 28 U.S.C. § 1915(e)(2)(B)), the Complaint must state a claim on which relief may be granted against a defendant who is not immune from such relief. It fails to do so, for the reasons that follow.

#### 1. Count I

Plaintiff's "Count I" appears to include includes two separate causes of action: unlawful seizure (which the court construes as a claim of false arrest and imprisonment) and malicious prosecution. Both claims are insufficiently pleaded.

"To prevail on [a] § 1983 claim for false arrest and imprisonment, [a plaintiff] must demonstrate that there was no probable cause to arrest him." *Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998) (per curiam). Here, Plaintiff alleges that, except for his own (allegedly mischaracterized) statements, "probable cause for possession with intent to deliver did not exist," yet he was nonetheless arrested and criminally charged. Dkt. No. 6 ¶¶ 23–24.

As a general matter, it is well established that the "[f]iling of a criminal complaint immunizes investigating officers . . . from damages suffered thereafter because it is presumed

that the prosecutor filing the complaint exercised independent judgment in determining that probable cause for an accused's arrest exists at that time." *Harper v. City of Los Angeles*, 533 F.3d 1010, 1027 (9th Cir. 2008) (alteration and omission in original) (quoting *Smiddy v. Varney,* 665 F.2d 261, 266 (9th Cir.c1981)) This presumption is rebuttable, however, and police officers "can be liable if they made false reports to the prosecutor, omitted material information for the reports, or otherwise prevented the prosecutor from exercising his independent judgment." *Barlow v. Ground,* 943 F.2d 1132, 1136 (9th Cir. 1991). However, the evidence required to overcome the presumption of an independent prosecutor "must be substantial" and may not consist merely of a plaintiff's own account of events. *Harper*, 533 F.3d at 1028 (citing *Newman v. County of Orange,* 457 F.3d 991, 994–95 (9th Cir. 2006)).

For reasons discussed below, the Complaint does not sufficiently plead facts that can establish Plaintiff's fabrication of evidence claim (and that might therefore overcome the presumption of an independent prosecutor). Additionally, the non-conclusory facts Plaintiff pleads do not compel the conclusion that he was arrested without probable cause. Plaintiff alleges that police never recovered "recover[ed] scales, pay/owe sheets, packaging indicative of sales, large sums of cash, or communications evidencing drug distribution" (*Id.* ¶ 21), but these are not the only types of evidence that can create probable cause to arrest someone for possession with intent to deliver.

As for malicious prosecution, a plaintiff asserting this claim under Section 1983 must allege that Defendants prosecuted them (1) with malice, (2) without probable cause, and (3) for the purpose of denying a specific constitutional right. *Lacey v. Maricopa County*, 693 F.3d 896, 919 (9th Cir. 2012) (citing *Freeman v. City of Santa Ana,* 68 F.3d 1180, 1189 (9th Cir.1995). Malicious prosecution also requires (4) "that 'the proceedings have terminated in favor of the accused.'" *Id.* (quoting Restatement (Second) of Torts § 653 (1977)). For the reasons already

explained, Plaintiff's allegation that probable cause was lacking are insufficient, and he does not even attempt to establish the other elements of this claim. He therefore fails to state a claim for malicious prosecution.

Therefore, Plaintiff's Count I will be dismissed.

As discussed below in Section III.D, Plaintiff will be given leave to amend the claims in this Count (and his other claims). If Plaintiff re-alleges his claims such that they continue to rely heavily on the contents of the police report and the declaration of probable cause, the Court may find that those documents are incorporated into the Complaint and may require Plaintiff to provide those documents to the Court. *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim," it is "incorporated by reference" into the complaint and may be considered by a court in determining whether the complaint should be dismissed). Plaintiff may speed review of any amended complaint by including as attachments any documents that form the basis for his claims.

**2. Count II**

Count II is "Fabrication of Evidence." Dkt. No. 6 at 6. "[T]here is a clearly established constitutional due process right not to be subjected to criminal charges on the basis of false evidence that was deliberately fabricated by the government." *Devereaux v. Abbey*, 263 F.3d 1070, 1074–75 (9th Cir. 2001) (en banc). Deliberate fabrication of evidence is a due process claim, as deliberation implicates "the fundamental due process right to a fair trial." *Richards v. County of San Bernadino*, 39 F.4th 562, 572 (9th Cir. 2022). "To prevail on a § 1983 claim of deliberate fabrication, a plaintiff must prove that (1) the defendant official deliberately fabricated evidence and (2) the deliberate fabrication caused the plaintiff's deprivation of liberty." *Spencer v. Peters*, 857 F.3d 789, 798 (9th Cir. 2017).

Inaccuracies in a police report do not all give rise to a constitutional claim. "Mere carelessness is insufficient, as are mistakes of tone. Errors concerning trivial matters cannot establish causation, a necessary element of any § 1983 claim. And fabricated evidence does not give rise to a claim if the plaintiff cannot show the fabrication actually injured h[im] in some way." *Spencer*, 857 F.3d at 798 (citation modified); *see also O'Doan v. Sanford*, 991 F.3d 1027, 1046 (9th Cir. 2021) (following *Devereaux*, but noting that "a minor discrepancy" is not fabrication).

On the facts alleged, the Court cannot reasonably infer that any Defendant is liable for fabrication of evidence based on omission of "temporal limitations and qualifying language" and other "context" from Defendant Nichol's police report. *See* Dkt. No. 6 ¶¶ 18–20, 29–30. First, Plaintiff does not allege that any omissions or mischaracterizations were deliberate, and it is not clear that these omissions were something other than "mere carelessness" or "mistakes of tone." Second, without any factual allegation about what the police report actually said, the Court is not required to rely on Plaintiff's own characterization of how his statement was "presented" in the police report (*id.* ¶ 19) or his conclusions about whether the alleged "omission and reframing materially altered the meaning of Plaintiff's statements" (*id.* ¶ 20). *See In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (court is not "required to accept as true allegations that are merely conclusory"). Third, without pleading facts establishing that no other evidence established probable cause, *see supra* Section III.A.1, Plaintiff cannot demonstrate that the alleged fabrication actually caused him to be charged.

Count II is therefore dismissed for failure to state a claim.

//

//

//

**3. Count III**

Plaintiff titles his final cause of action "Count III: Failure to Protect / Reckless Disclosure." Dkt. No. 6 at 6. The Court construes this as a Fourteenth Amendment claim under the "state-created danger" doctrine.

"Because the Due Process Clause is a limitation on state action, state actors generally are not liable for failing to prevent acts of private parties. But one exception to this rule applies when the state affirmatively places the plaintiff in danger by acting with deliberate indifference to a known or obvious danger." *Martinez v. High*, 91 F.4th 1022 (9th Cir. 2024) (citations omitted), *cert. denied*, 145 S. Ct. 547, 220 L. Ed. 2d 204 (2024). To establish the "state-created danger" exception, a plaintiff must plead facts demonstrating that a state officer's "affirmative conduct . . . expose[d] the plaintiff to a foreseeable danger that []he would not otherwise have faced" and that the officer "act[ed] with deliberate indifference to a known or obvious danger." *Id.* at 128 (citation modified).

Plaintiff attempts to allege both of elements of the state-created danger exception by stating that "Defendant Nichols's report and the prosecutor's declaration included statements that Plaintiff claimed to be working with a Cowlitz County detective," these unnecessary "disclosure[s] implied cooperation with law enforcement and created a foreseeable risk to Plaintiff's safety and reputation," and these actions were taken with "reckless disregard for Plaintiff's safety[.]" Dkt. No. 6 ¶¶ 28–33. But these conclusory assertions are insufficient for the court to draw the reasonable inference that the elements of the state-created danger exception are present. Indeed, Plaintiff's allegations are too vague for the Court to conclude that he is or ever was in any danger, much less that such danger was known or obvious to any Defendant. Additionally, the Supreme Court has held that an "interest in reputation . . . is neither 'liberty' nor 'property' guaranteed against state deprivation without due process of law," and pure

reputation harm is not a cognizable constitutional injury. *Paul v. Davis*, 424 U.S. 693, 712, (1976).

Even if Plaintiff had successfully pleaded the two elements of a state-created danger, that alone would not support a claim for relief. Section 1983 creates a cause of action only for a person whom the state "subjects, or causes to be subjected, . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws[.]" 28 U.S.C. § 1983. While the state-created danger exception allows certain claims to move forward where the deprivation of their rights results from the act of a private party, a *deprivation* must still exist. Here, Plaintiff alleges that government action placed him in danger, but he does not allege that such danger ever materialized into any constitutional injury cognizable under Section 1983. Without alleging facts that a Defendant's affirmative act actually resulted in a deprivation of Plaintiff's constitutional rights, he cannot state a claim for relief on this count.

Count III is therefore dismissed for failure to state a claim.

**B. *Heck v. Humphrey* May Bar Plaintiff's Claims**

Under *Heck v. Humphrey*, a Section 1983 action may not proceed if a plaintiff's success would necessarily imply the invalidity of their criminal conviction or sentence. *Heck*, 512 U.S. at 483–87. Here, Plaintiff's claims all appear to relate to a criminal prosecution, and the outcome of that prosecution is unknown. If Plaintiff has already been convicted in relation to the events underlying this action (and that conviction has not been vacated or overturned), he may not be able to state a valid claim under 28 U.S.C. § 1983, as a ruling in his favor would call his conviction into question. *See Cabrera*, 159 F.3d at 380 (9th Cir. 1998) (concluding that claims for false arrest and false imprisonment were not cognizable because a finding that there was no probable cause to arrest plaintiff for disturbing the peace would necessarily imply that plaintiff's conviction for disturbing the peace was invalid).

Any amended complaint should include facts indicating the current status of Plaintiff's criminal case. If the prosecution is ongoing, *Heck* will not bar his claims, but the Court will consider whether it is appropriate for this action to be stayed until the criminal case is resolved. *See Younger v. Harris*, 401 U.S. 37, 45–46 (1971) (instructing that federal courts should abstain from intervening in pending state court criminal proceedings absent extraordinary circumstances); *Gilbertson v. Albrigh*t, 381 F.3d 965, 968 (9th Cir. 2004) ("*Younger* principles apply to actions [for damages] as well as for injunctive or declaratory relief because a determination that the federal plaintiff's constitutional rights have been violated would have the same practical effect as a declaration or injunction on pending state proceedings. However, federal courts should not dismiss actions where damages are at issue; rather, damages actions should be stayed until the state proceedings are completed.").

**C. Leave to Amend**

"A district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203–04 (9th Cir. 1988) (per curiam)).

Here, while there appears to be a fair likelihood that Plaintiff may not be able to state facts in support of cognizable claims, the Court lacks sufficient information at this time to find that leave to amend would be futile. The Court will therefore grant Plaintiff leave to file an amended complaint in this case that sufficiently "pleads factual content," *Iqbal*, 556 U.S. at 672, to state a plausible claim for relief. The amended complaint should not merely restate the elements of each cause of action but must provide sufficient facts to establish that all elements are met and to inform the Court which Defendant or Defendants are liable for each claim, and the specific acts or omissions that give rise to each Defendant's liability. If Petitioner intends to

name the prosecutor as a Defendant in this action, he must do so. Additionally, while the Court did not address Plaintiff's municipal liability allegations in detail in this Order, it notes that they consist only of conclusory statements alleging the elements of municipal liability. Plaintiff will need to include specific facts supporting these allegations for his municipal liability theory to survive further Section 1915 review. Finally, as discussed above in Section III.A.1, Plaintiff may wish to attach the police report and/or the declaration of probable cause if these give rise to his claims (and the Court may require him to file these documents if it finds they are incorporated into any amended complaint by reference).

**D. Motion to Appoint Counsel**

"Generally, a person has no right to counsel in civil actions." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (affirming denial of appointment of counsel). However, a court may request an attorney to represent an indigent civil litigant under "exceptional circumstances," pursuant to 28 U.S.C. § 1915(e)(1). *See id*. When determining whether "exceptional circumstances" exist, a court must at least consider "the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).

Here, Plaintiff cannot demonstrate a likelihood of success on a Complaint that does not even state a claim for relief and may also be barred by the *Heck* doctrine. Therefore, the Court cannot find that appointment of counsel is warranted at this time. However, If Plaintiff succeeds in filing an amended complaint that survives mandatory pre-screening under Section 1915, the Court will consider a renewed motion to appoint counsel at such time.

//

//

//

## IV. CONCLUSION

Accordingly, it is hereby ORDERED:

(1) Plaintiff's Complaint (Dkt. No. 6) is DISMISSED with leave to refile. Any amended complaint SHALL be filed with the Court by October 30, 2026.

(2) If Plaintiff fails to file an amended complaint by the deadline set forth above, or if the amended complaint fails to state a plausible claim for relief, the Court will dismiss this case in its entirety.

(3) Plaintiff's Motion to Appoint Counsel (Dkt. No. 7) is denied without prejudice. The Court will consider a renewed motion to appoint counsel if and when Plaintiff files an amended Complaint that states a claim for relief.

Dated this 30th day of September, 2026.

Tana Lin
United States District Judge